BENJAMIN B. WAGNER
United States Attorney
KYLE REARDON
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900

**FILED**

MAR 2 5 2014

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
         DEPUTY CLERK

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:13-CR-00250 JAM |
| Plaintiff, | |
| v. | PLEA AGREEMENT |
| OREST SHAYNYUK, | DATE: March 11, 2014<br>TIME: 9:45 a.m. |
| Defendant. | COURT: Hon. John A. Mendez |

## I.   INTRODUCTION

### A.   Scope of Agreement

The Information in this case charges the defendant with Possession of Child Pornography in violation of 18 U.S.C. § 2252(a)(4)(B). The Information also contains a forfeiture allegation. This document contains the complete plea agreement between the United States Attorney's Office for the Eastern District of California (the "government") and the defendant regarding this case. This plea agreement is limited to the United States Attorney's Office for the Eastern District of California and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

### B.   Court Not a Party

The Court is not a party to this plea agreement. Sentencing is a matter solely

within the discretion of the Court, and the Court may take into consideration any and all facts and circumstances concerning the criminal activities of defendant, including activities which may not have been charged in the Information. The Court is under no obligation to accept any recommendations made by the government, and the Court may in its discretion impose any sentence it deems appropriate up to and including the statutory maximum stated in this plea agreement.

If the Court should impose any sentence up to the maximum established by the statute, the defendant cannot, for that reason alone, withdraw his guilty plea, and he will remain bound to fulfill all of the obligations under this plea agreement. The defendant understands that neither the prosecutor, defense counsel, nor the Court can make a binding prediction or promise regarding the sentence he will receive.

## II.   DEFENDANT'S OBLIGATIONS

### A.   Guilty Plea

#### 1.   Waiver of Indictment

The defendant agrees that, at the entry of plea proceeding, he will sign a written waiver of prosecution by indictment and consent to proceed by information rather than by indictment.

#### 2.   Guilty Plea

The defendant will plead guilty to the single count of the Information. The defendant agrees that he is in fact guilty of this charge and that the facts set forth in the Factual Basis for Plea attached hereto as Exhibit A are accurate.

The defendant agrees that this plea agreement will be filed with the Court and become a part of the record of the case. The defendant understands and agrees that he will not be allowed to withdraw his plea should the Court not follow the government's sentencing recommendations.

The defendant agrees that the statements made by him in signing this Agreement, including the factual admissions set forth in the factual basis, shall be admissible and useable against the defendant by the United States in any subsequent criminal or civil

proceedings, even if the defendant fails to enter a guilty plea pursuant to this Agreement. The defendant waives any rights under Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410, to the extent that these rules are inconsistent with this paragraph or with this Agreement generally.

### 3. Remand

The defendant acknowledges that the crime to which he is pleading guilty is listed in 18 U.S.C. § 3143(a)(2), and he agrees that he will not seek his release following his entry of plea.

### B. Restitution

The Mandatory Victim Restitution Act requires the Court to order restitution to the victims of certain offenses. Defendant agrees that his conduct is governed by the Mandatory Restitution Act pursuant to 18 U.S.C. § 3663A(c)(1)(A)(ii) and agrees to pay the full amount of restitution to all victims affected by this offense, including, but not limited to, the victims covered in the factual basis, victims covered in those counts to be dismissed as part of the plea agreement pursuant to 18 U.S.C. § 3663A(a)(3), and other victims as a result of the defendant's conduct for the offenses charged from the periods of July 10, 2011, through July 10, 2013.

Restitution payments shall be by cashier's or certified check made payable to the Clerk of the Court.

### C. Special Assessment

The defendant agrees to pay a special assessment of $100 at the time of sentencing by delivering a check or money order payable to the United States District Court to the United States Probation Office immediately before the sentencing hearing. The defendant understands that this plea agreement is voidable at the option of the government if he fails to pay the assessment prior to that hearing. If the defendant is unable to pay the special assessment at the time of sentencing, he agrees to earn the money to pay the assessment, if necessary by participating in the Inmate Financial Responsibility Program.

///

D. <u>**Violation of Plea Agreement by Defendant/Withdrawal of Plea**</u>

If the defendant, cooperating or not, violates this plea agreement in any way, withdraws his plea, or tries to withdraw his plea, this plea agreement is voidable at the option of the government. The government will no longer be bound by its representations to the defendant concerning the limits on criminal prosecution and sentencing as set forth herein. One way a cooperating defendant violates the plea agreement is to commit any crime or provide any statement or testimony which proves to be knowingly false, misleading, or materially incomplete. Any post-plea conduct by a defendant constituting obstruction of justice will also be a violation of the agreement. The determination whether the defendant has violated the plea agreement will be under a probable cause standard.

If the defendant violates the plea agreement, withdraws his plea, or tries to withdraw his plea, the government shall have the right (1) to prosecute the defendant on any of the counts to which he pleaded guilty; (2) to reinstate any counts that may be dismissed pursuant to this plea agreement; and (3) to file any new charges that would otherwise be barred by this plea agreement. The defendant shall thereafter be subject to prosecution for any federal criminal violation of which the government has knowledge, including perjury, false statements, and obstruction of justice. The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office.

By signing this plea agreement, the defendant agrees to waive any objections, motions, and defenses that the defendant might have to the government's decision. Any prosecutions that are not time-barred by the applicable statute of limitations as of the date of this plea agreement may be commenced in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement of any such prosecutions. The defendant agrees not to raise any objections based on the passage of time with respect to such counts including, but not limited to, any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment to any counts that were not time-barred as of the date of this plea agreement.

In addition, (1) all statements made by the defendant to the government or other designated law enforcement agents, or any testimony given by the defendant before a grand jury or other tribunal, whether before or after this plea agreement, shall be admissible in evidence in any criminal, civil, or administrative proceedings hereafter brought against the defendant; and (2) the defendant shall assert no claim under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule, that statements made by the defendant before or after this plea agreement, or any leads derived therefrom, should be suppressed. By signing this plea agreement, the defendant waives any and all rights in the foregoing respects.

E.   **Forfeiture**

The defendant agrees to forfeit to the United States voluntarily and immediately all of his right title and interest to any and all assets subject to forfeiture pursuant to 18 U.S.C. § 2253. Those assets include, but are not limited to:

1. iPhone seized from the defendant's residence on July 10, 2013; and
2. Scion sedan with license plate 6MCA579 seized from the defendant's residence on July 10, 2013.

The defendant agrees that the listed asset constitutes property used and intended to be used to commit and to promote the commission of a violation of 18 U.S.C. § 2252(a)(4)(B).

The defendant agrees to fully assist the government in the forfeiture of the listed assets and to take whatever steps are necessary to pass clear title to the United States. The defendant shall not sell, transfer, convey, or otherwise dispose of any of his assets, including but not limited to, the above-listed assets

The defendant agrees not to file a claim to any of the listed property in any civil proceeding, administrative or judicial, which may be initiated. The defendant agrees to waive his right to notice of any forfeiture proceeding involving this property, and agrees to not file a claim or assist others in filing a claim in that forfeiture proceeding.

The defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of assets. The defendant knowingly and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets in any proceeding. The defendant agrees to waive any jeopardy defense, and agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine, to the forfeiture of the assets by the United States, the State of California or its subdivisions.

The defendant waives oral pronouncement of forfeiture at the time of sentencing, and any defenses or defects that may pertain to the forfeiture.

### III.   THE GOVERNMENT'S OBLIGATIONS

#### A.   Recommendations

##### 1.   Incarceration Range

The government will recommend that the defendant be sentenced to no more than 57 months.

##### 2.   Acceptance of Responsibility

The government will recommend a two-level reduction (if the offense level is less than 16) or a three-level reduction (if the offense level reaches 16) in the computation of his offense level if the defendant clearly demonstrates acceptance of responsibility for his conduct as defined in U.S.S.G. § 3E1.1. This includes the defendant meeting with and assisting the probation officer in the preparation of the pre-sentence report, being truthful and candid with the probation officer, and not otherwise engaging in conduct that constitutes obstruction of justice within the meaning of U.S.S.G § 3C1.1, either in the preparation of the pre-sentence report or during the sentencing proceeding.

#### B.   Use of Information for Sentencing

The government is free to provide full and accurate information to the Court and Probation, including answering any inquiries made by the Court and/or Probation and rebutting any inaccurate statements or arguments by the defendant, his attorney, Probation, or the Court. The defendant also understands and agrees that nothing in this

6

United States v. Shaynyuk
2:13-CR-00250 JAM
Plea Agreement

Plea Agreement bars the government from defending on appeal or collateral review any sentence that the Court may impose.

## IV. ELEMENTS OF THE OFFENSE

At a trial, the government would have to prove beyond a reasonable doubt the following elements of the offense to which the defendant is pleading guilty,

1. the defendant knowingly possessed matters which the defendant knew contained visual depictions of minors engaged in sexually explicit conduct;

2. the defendant knew that the visual depiction contained in the matters showed minors engaged in sexually explicit conduct;

3. the defendant knew that the production of such visual depictions involved the use of a minor in sexually explicit conduct; and

4. the visual depiction had been either mailed, shipped, or transported in interstate commerce, or produced using materials that had been mailed, shipped, or transported in interstate or foreign commerce.

The defendant fully understands the nature and elements of the crimes charged in the Indictment to which he is pleading guilty, together with the possible defenses thereto, and has discussed them with his attorney.

## V. MAXIMUM SENTENCE

A. **Maximum Penalty**

The maximum sentence that the Court can impose is for a violation of 18 U.S.C. § 2252(a)(4)(B) is up to 10 years imprisonment, a fine of $250,000, a period of supervised release of not less than five years, and up to life. By signing this plea agreement, the defendant also agrees that the Court can order the payment of restitution for the full loss caused by the defendant's wrongful conduct. The defendant agrees that the restitution order is not restricted to the amounts alleged in the specific counts to which the defendant is pleading guilty. The defendant further agrees, as noted above, that he will not attempt to discharge in any present or future bankruptcy proceeding any restitution imposed by the Court.

///

///

### B. Violations of Supervised Release

The defendant understands that if he violates a condition of supervised release at any time during the term of supervised release, the Court may revoke the term of supervised release and require the defendant to serve no less than two additional years of imprisonment. The defendant also understand that if he commits any felony offense under Chapter 109A, 110, or 117, or section 1201 or 1591 of the United States Code, the Court shall revoke the term of supervised release and require the defendant to serve a term of no less than five years imprisonment under 18 U.S.C. § 3583(e)(3) without regard to the exceptions contained therein.

## VI. SENTENCING DETERMINATION

### A. Statutory Authority

The defendant understands that the Court must consult the Federal Sentencing Guidelines and must take them into account when determining a final sentence. The defendant understands that the Court will determine a non-binding and advisory guideline sentencing range for this case pursuant to the Sentencing Guidelines and may take them into account when determining a final sentence. The defendant understands that the Court will determine a non-binding and advisory guideline sentencing range for this case pursuant to the Sentencing Guidelines. The defendant further understands that the Court will consider whether there is a basis for departure from the guideline sentencing range (either above or below the guideline sentencing range) because there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines. The defendant further understands that the Court, after consultation and consideration of the Sentencing Guidelines, must impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a).

///

///

///

B. **Stipulations Affecting Guideline Calculations**

The government and the defendant agree that there is no material dispute as to the following sentencing guidelines variables and therefore stipulate to the following:

1. **Base Offense Level**

The base offense level for the charge to which the defendant is pleading guilty is 18. See U.S.S.G. § 2G2.2(a)(1).

2. **Victim-related Adjustments**

   a. Five levels are added because the offense involved a pattern of abuse. Id. at (b)(5)

   b. Two levels are added because the offense involved the use of a computer. Id. at (b)(6).

   c. Five levels are added because the offense involved more than 600 images. Id. at (b)(7)(D).

3. **Adjusted Offense Level**

The parties anticipate that the adjusted offense level will be 30.

4. **Acceptance of Responsibility**

See paragraph III.A.2 above.

5. **Criminal History**

The parties anticipate that the defendant's criminal history will be I.

6. **Departures**

The parties do not anticipate any departures in this case.

7. **Total Offense Level**

After acceptance of responsibility, the parties anticipate that the total offense level will be 27.

8. **Sentencing Range**

The parties anticipate that the sentencing guideline calculation or range will be 70 to 87 months.

9. **Departures or Other Enhancements or Reductions**

The parties agree that they will not seek or argue in support of any other specific

offense characteristics, Chapter Three adjustments (other than the decrease for "Acceptance of Responsibility"), or cross-references, except that the government may move for an adjustment based on post-plea obstruction of justice (§3C1.1). The defendant reserves the right to seek a deviance or variance from the Sentencing Guidelines under United States v. Booker, 543 U.S. 220 (2005), and 18 U.S.C. § 3553(a). The government reserves the right to oppose any deviance or variance lower than to a sentence of 57 months, and to present evidence in support of its requested sentence, or in opposition to the defendant's requested sentence.

### VII. WAIVERS

#### A. Waiver of Constitutional Rights

The defendant understands that by pleading guilty he is waiving the following constitutional rights: (a) to plead not guilty and to persist in that plea if already made; (b) to be tried by a jury; (c) to be assisted at trial by an attorney, who would be appointed if necessary; (d) to subpoena witnesses to testify on his behalf; (e) to confront and cross-examine witnesses against him; and (f) not to be compelled to incriminate himself.

#### B. Waiver of Appeal and Collateral Attack

The defendant understands that the law gives the defendant a right to appeal his guilty plea, conviction, and sentence. The defendant agrees as part of his plea, however, to give up the right to appeal the guilty plea, conviction, and the sentence imposed in this case as long as the sentence does not exceed 87 months. The defendant specifically gives up the right to appeal any order of restitution the Court may impose.

Notwithstanding the defendant's waiver of appeal, the defendant will retain the right to appeal if one of the following circumstances occurs: (1) the sentence imposed by the District Court exceeds the statutory maximum; and/or (2) the government appeals the sentence in the case. The defendant understands that these circumstances occur infrequently and that in almost all cases this Agreement constitutes a complete waiver of all appellate rights.

In addition, regardless of the sentence the defendant receives, the defendant also

gives up any right to bring a collateral attack, including a motion under 28 U.S.C. § 2255 or § 2241, challenging any aspect of the guilty plea, conviction, or sentence, except for non-waivable claims.

If the defendant ever attempts to vacate his/her plea/pleas, dismiss the underlying charges, or modify or set aside his/her sentence on any of the counts to which the defendant is pleading guilty, the government shall have the rights set forth in Section II.DD herein.

### C. Waiver of Attorneys' Fees and Costs

The defendant agrees to waive all rights under the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), to recover attorneys' fees or other litigation expenses in connection with the investigation and prosecution of all charges in the above-captioned matter and of any related allegations (including without limitation any charges to be dismissed pursuant to this plea agreement and any charges previously dismissed).

### D. Sex Offender Registration

Defendant understands that by pleading guilty, defendant will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). Defendant also understands that independent of supervised release, he will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout his life. The defendant understands that he shall keep his registration current, shall notify the state sex offender registration agency or agencies of any changes to defendant's name, place of residence, employment, or student status, or other relevant information. Defendant shall comply with requirements to periodically verify in person his sex offender registration information. Defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. If the defendant resides in California following release from prison, he will be subject to the registration requirements of California Penal Code Section 290. Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law

enforcement agencies upon his release from confinement following conviction. As a condition of supervised release, defendant shall initially register with the state sex offender registration in California, and shall also register with the state sex offender registration agency in any state where defendant resides, is employed, works, or is a student, as directed by the Probation Officer. The defendant shall comply with all requirements of federal and state sex offender registration laws, including the requirement to update his registration information. Defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment.

### VIII. ENTIRE PLEA AGREEMENT

Other than this plea agreement, no agreement, understanding, promise, or condition between the government and the defendant exists, nor will such agreement, understanding, promise, or condition exist unless it is committed to writing and signed by the defendant, counsel for the defendant, and counsel for the United States.

### IX. APPROVALS AND SIGNATURES

#### A. Defense Counsel

I have read this plea agreement and have discussed it fully with my client. The plea agreement accurately and completely sets forth the entirety of the agreement. I concur in my client's decision to plead guilty as set forth in this plea agreement.

Dated: 3/24/14

KYLE KNAPP
Attorney for Defendant

#### B. Defendant

I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines that may apply to my case. No other promises or inducements have been made

///

to me, other than those contained in this plea agreement. In addition, no one has threatened or forced me in any way to enter into this plea agreement. Finally, I am satisfied with the representation of my attorney in this case.

Dated: 3/24/14

OREST SHAYNYUK
Defendant

### C. Attorney for United States

I accept and agree to this plea agreement on behalf of the government.

Dated: 3/25/14

BENJAMIN B. WAGNER
United States Attorney

KYLE REARDON
Assistant United States Attorney

# EXHIBIT "A"

## Factual Basis for Plea

If this matter proceeded to trial, the United States would establish the following facts beyond a reasonable doubt:

In October 2012, law enforcement received a report that the defendant had engaged in sexual activity with a 12-year-old girl. According to the minor, she and the defendant met online, and exchanged messages through both MeetMe.com and Kik Messenger. Included in the messages were sexually-explicit photographs that the minor took of herself. The 12-year-old victim said that she and the defendant had had sex in his car.

In July 2012, law enforcement received a report from a 15-year-old girl alleging that she and the defendant has engaged in sexual activity. According to the 15-year-old victim, she and the defendant met through MeetMe.com and exchanged messages through Kik. The victim also stated that she and the defendant had had sex on multiple occasions. The 15-year-old victim said that she and the defendant had had sex in his car.

On July 10, 2013, law enforcement executed a search of the defendant's residence. Located at the residence was the defendant's iPhone. This device was manufactured outside the state of California. On this device was evidence of the defendant's communications with underage females for the purpose of enticing them into having sex. Also located on this device were images and videos of minors engaged in sexually explicit conduct. Some of these images and videos had been sent to the defendant through Kik. Others had been made by the defendant using his cell phone camera. Some of these videos were produced in the defendant's Scion sedan with license plate 6MCA579.

After waiving his rights under Miranda, the defendant admitted to communicating with both the 12-year-old and 15-year-old victims described above; however, he claimed to be unaware of the 12 year olds true age. He also admitted to soliciting and receiving photographs of females engaged in sex acts that he knew to be minors. The defendant viewed the images and videos, and kept them on his iPhone knowing that they showed minors engaged in sexually explicit conduct. The defendant also admitted to having had

1 sexual contact with ~~8~~ NUMEROUS different underage females (including the 12- and 15-year-old
2 identified above). These victims ranged in age from 12 to 17 years old. ~~Eight~~ SEVERAL of the
3 victims sent the defendant pictures of themselves engaged in sexually explicit conduct. In
4 some cases, the defendant sent pictures of his penis to the underage victims.

5      Both MeetMe.com and Kik use the Internet to distribute messages. The Internet is
6 a means and instrumentality of interstate commerce.

7 Dated: 3/24/14

_____
OREST SHAYNYUK
Defendant