**KYLE R. KNAPP**
**Attorney at Law**
California State Bar No. 166597
1120 D Street, Suite 100
Sacramento, CA 95814
Telephone: (916) 441-4717

Attorney for Orest Shaynyuk

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

**(HONORABLE JOHN A. MENDEZ)**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>v.<br><br>OREST SHAYNYUK,<br><br>                Defendant. | CASE NO. 13- CR-00250-JAM<br><br>DATE: February 17, 2015<br>TIME:  9:30 a.m.<br><br>SENTENCING MEMORANDUM AND<br>VARIANCE REQUEST; |

TO:   BENJAMIN B. WAGNER, UNITED STATES ATTORNEY;
      CHRISTOPHER HALES, ASSISTANT UNITED STATES ATTORNEY; AND
      LISA HAGE, UNITED STATES PROBATION OFFICER.

      The defendant, Orest Shaynyuk, by and through his attorney, Kyle Knapp, hereby files the following Sentencing Memorandum and Variance Request. After consideration of Mr. Shaynyuk's background and plea in this case, it is respectfully asserted that he may well merit a below guideline level sentence. That was what was negotiated between the parties and the plea agreement afforded Mr. Shaynyuk the opportunity to argue for a sentence below the negotiated 57 months. Counsel asserts that there are some § 3553 (a) factors to consider and disagrees with probation's analysis regarding both time and post-incarceration mandates.

      It is undisputed that Mr. Shaynyuk's conduct merits punishment and he will face a lifetime of registration and scrutiny as a result of his conduct. Nevertheless, as is apparent in the overwhelming support he has from friends and family, this is a young man who merits a chance to redeem himself in the eyes of

society and this court.

## A. PERSONAL BACKGROUND & ANALYSIS

Orest Shaynyuk is a young man from a close knit family who unfortunately was leading a double life. In one part of his life he as a loving son, a grandson who doted on and helped rehabilitate his grandfather who had a stroke. He was a stellar high school athlete, praised by teachers, coaches and co-workers. He did fairly well in high school and was going to go back to junior college prior to being arrested. As the tremendous number of character letters attest, many considered him a great young man and friend.

Mr. Shaynyuk is before the court because he was using his phone and various sites to meet and have sex with girls and women. In the virtual society in which we live it is incredibly easy to encounter, flirt with, send naked pictures and videos. This is a tremendous societal issue for teens and adults alike. Unfortunately, it is terribly easy to be sexually promiscuous and have sexual encounters. While he was completely wrong in his internet behavior and his conduct in meeting and having sexual conduct with underage girls, it also appears from a forensic review of his phone that he was predominately having sexual conduct with many age appropriate women, including several who were considerably older than Mr. Shaynyuk. (one was 33) (Forensic Report, pg 12, "listed herein after as FR" and has been provided separately with a request to seal.)

In part the plea agreement in this matter recognized that Mr. Shaynyuk's behavior was more along the lines of a sexual addict and not that of a pedophile with unsavory interests in children or child pornography. In an effort to make the punishment fit the offender and the crime, the 57 months was negotiated.

None of this is meant to imply that Mr. Shaynyuk's behavior was acceptable or that he should not be punished. In many conversation with him, he recognizes that his behavior, the part of his double life that was of a sexual nature, cannot re-occur and will not be permitted in the future. He can and is more than willing to engage in treatment for sexual addiction. He has a family and a job waiting for him when he gets out. While they abhor what he was doing, they will stand by him and do all that they can to make sure he does not stray in the future. Much of what is asserted in the probation report is laudable and will be embraced by Mr. Shaynyuk. He will welcome sex offender counseling and treatment, search and seizure, computer inspection. As touched upon in counsel's objections - GPS monitoring, lifetime supervision are overkill

at this time. It is respectfully requested that after he undergoes counseling, assessment and treatment that decisions be made regarding the need or potential duration of those mandates.

### B. The Statutory Sentencing Considerations

1. 18 U.S.C. § 3553(a) Factors

After *United States v. Booker,* 543 U.S. 220 (2005), the Sentencing Guidelines have become one of the seven enumerated considerations at sentencing. The other factors set forth in section 3553(a) are:

(1) the nature of the circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed –
    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B) to afford adequate deterrence to criminal conduct;
    ©) to protect the public from further crimes of the defendant; and
    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
(4) the applicable category of offense committed by the applicable category of defendant as set forth in the Guidelines . . . .
(5) any pertinent [Guidelines] policy statements **. . . .**
(6) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

The forensic report is helpful in assessing the nature of the offense and Mr. Shaynyuk's background and several excerpts from the forensic report are critical in the § 3553(a)(1) analysis:

"Although the media section of item A4[his cell phone] had hundreds (if not thousands) of personal erotic and pornographic images of women, beyond the images and movies of Doe 2, I did not note any other images of obviously underage women......Continuing my review of the iPhone, it was apparent that Mr. Shaynyuk's primary use of his phone was attempting to meet women for sexual encounters. As noted above, I encountered hundreds of erotic and pornographic images of women, many if not most, sent to him in response to his inquires for sexual encounters. "(FR, pg. 8)

"The defendant appears to seek sexual partners across a spectrum of ages and sexual proclivities and cares less about their ages (young or old) than interacting to meet them for sex. There is no evidence of a compulsion for such things as child erotica, child "modeling', stories or solicitation in areas of the internet typically reserved for minors only. The defendant engages chat partners in a variety of forums (Kik, Skype, iMessenger etc.) and in essence will engage any woman for sexually based chat that will converse with him. He is indiscriminate between younger women and older women in this regard as well as lacks the ability to curb his obsession even in the face of reckless behavior. I observed ho evidence that the defendant frequents char rooms associated with either child sex or child pornography nor does he appear to frequent such areas that might commonly be associated with subjects of interest to children. (FR., pg 15

The number and variety of images found on the defendant's computer appear to speak to his motives and interest. While it is true that approximately 16/images movies of Doe 2 were found in Mr. Shaynyuk's iPhone there were found among literally thousands of non-actionable images of an adult nature." (FR, Id.)

## C. VARIANCE REQUEST

An additional grounds for a variance may be found with respect to the number of images he was found in possession of. The 600 images are reached quite quickly when movies are involved and they are counted as 75 images per. One video encounter on his iPhone was stopped and started several times and was of short duration. The ten to fifteen second iPhone start and stops of one sexual encounter are counted as separate movies or videos and greatly increase the overall number of counted images.

Mr. Shaynyuk's cultural background also is the basis for a variance. He comes from a culture where, as Mr. Shaynyuk's dad said in his statement to police, "we do not believe in divorce and you need to find a good woman and get married." Pre-marital sex and dating is restricted and I believe, in part the sexual conduct of Mr. Shaynyuk was a form of acting out. He had gone to a very strict high school, Valley Christian Academy. His sexual behavior may be a misguided rebellion against his upbringing.

## D. CONCLUSION

Counsel respectfully requests that the Court sentence Mr. Shaynyuk to 46 months given his unique background, the character letters and his support in the community. In a worst case scenario, it is urged that he should not be sentenced to more than the negotiated 57 months.

The term of supervised release should be substantial but it requested that in a five-year span Mr. Shaynyuk will be able to establish his ability to comply with the terms and conditions of his release. Respectfully counsel requests that GPS monitoring upon release is premature as there has been no risk assessment performed upon him. Finally, it is hoped that there is not a blanket prohibition against any on-line access as that would make it extremely difficult for him to work in the family trucking business and it is asserted that the computer monitoring component of his release will prevent him from engaging in any unsavory on-line activities.

Respectfully submitted,

Dated: February 10, 2015        */s/ Kyle R. Knapp*
                                KYLE R. KNAPP
                                Attorney for Orest Shaynyuk